**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MARYLAND**

(Northern Division)

CINTRON, FERDINAND                     *

    Plaintiff,                         *

v.

BALTIMORE CITY, MARYLAND,              *        Civil Action No: XXXXX

BALTIMORE CITY

POLICE DEPARTMENT,                     *

    Defendant.                         *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**<u>COMPLAINT</u>**

TO THE CLERK OF THIS COURT AND ALL PARTIES OF RECORD:

1

Plaintiff, by and through his counsel, hereby files this Complaint under Americans with Disabilities Act  29 U.S.C. § 623, and the Maryland Fair Employment Practices Act, Md. Code, State Gov't ("SG") § 20-601, et seq..

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331,because this is a civil action arising under Title VII.

## CONDITIONS PRECEDENT

1.  On August 29, 2023, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), listed as EEOC Charge No. 531-2023-02708.

2.  On or about March 10, 2026, the EEOC issued Plaintiff a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under Title VII.

## PARTIES

3.  Mr. Cintron resides in Edgewood, Maryland. Plaintiff is a citizen of Maryland.

4.  Mr. Cintron was an employee, as defined by Title VII, and Md. Code, Lab. & Empl. § 11-301(b). Mr. Cintron worked for the Baltimore City Police Department.

5.  Defendant Baltimore City and Baltimore City Police Department (the "AACPD") is an employer as defined by 42 U.S.C. § 2000e(b). Baltimore City is a city within the meaning of 42 U.S.C. § 5302(a)(5), a person within the meaning of 42 U.S.C. § 2000e(a), and an employer within the meaning of 42 U.S.C. § 2000e(b).

## FACTS

6.  Plaintiff is a 64 year old, white male.

7.  Plaintiff had been employed by the Baltimore City Police Department since 2007.

8.  Plaintiff had an exemplary record, specialized training and all requisite exams to be a police officer.

## COUNT ONE

**Discrimination in Violation of Americans with Disabilities Act  29 U.S.C. § 623**

9.  Plaintiff hereby incorporated and realleges paragraphs 1-8 and further sets forth.

10. On February 23, 2023, Plaintiff was ordered to the Public Safety Infirmary (PSI). He was out of work that day for a family medical issue.

11. Upon reporting to PSI, Plaintiff was administered the Montreal Cognitive Assessment (MoCa Test), typically used to test for cognitive impairment, and subsequently placed him out of work with a referral to a neuropsychologist.

12. On March 3, 2023, Mr. Cintron returned to PSI and was scheduled for a return to duty evaluation and the physician requested all of his medical records.

13. On March 6, 2023, Defendant ordered Plaintiff to relinquish his service-pistol and suspended him.

14. On March 30, 2023, Plaintiff met with a physician and completed examinations. The doctor was unsure why he was referred and cleared Plaintiff back to duty as a police officer.

15. On April 7, 2023, Plaintiff returned to PSI and was to be put back on duty but instead he was asked to follow up with a neuropsychologist.

16. On April 19, 2023, Plaintiff filed a report to Major Azalee of discrimination.

17. On May 2, 2023, the PSI physician in his notes ordered Plaintiff fit for duty.

18. On June 8, 2023, Defendant determined Plaintiff had an illness or injury that permanently prevents his employment and that he would be terminated September 5, 2023.

19. On October 19, 2023, Plaintiff's physician re-evaluated him and stated again he was fit for duty.

20. January 5, 2024, Plaintiff had a PSI appointment wherein additional information from his physician was sought who declared him fit for duty was questions and sought.

21. On February 2, 2024, PSI, despite receiving a notice of cleared from duty from Plaintiffs physician, declared Plaintiff not fit for duty and effectively retired Plaintiff.

22. On May 1, 2024. Plaintiff was forced to constructively discharge.

23. On May 24, 2024, Plaintiff had a neurological examination that again declared him fit for duty.

## Conclusion

Plaintiff has had multiple passed neurological exams which are contained as Exhibits herein yet was constructively discharged. Plaintiff hereby avails himself to this court for a fair investigation into the allegations. The evidence shows Defendant utilized false allegations to have Plaintiff evaluated and that the examinations by the Defendant were not true indications of Plaintiffs neurological abilities. There is a more than causal relationship between the events. Plaintiff has been subjected to discrimination by the Defendant and thereby lost his means for employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A. Award Plaintiff for his lost opportunities and career trajectory;

B. Order Defendant to reinstate Plaintiff to a position comparable to his former position or, in lieu of reinstatement, award him front pay, including benefits;

C. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

D. Award to Plaintiff compensatory damages; and,

E. Grant Plaintiff such additional or alternative relief as the Court deems just and proper

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 24 U.S.C. Section 1981a.

I certify that I am admitted to practice in this Court.

Dated: 6/8/2026                                        Respectfully Submitted,

                                                         /s/ Kimberly Turco

                                                        Kimberly M. Turco, Fed. Bar No. 30566

                                                        P.O. Box #6365

                                                        Annapolis, MD 21401

5

(410) 279-1477

kimturco@turcolegalservices.com

*Counsel for Plaintiff*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th Day of June 2026, the foregoing Complaint was mailed by first-class mail to:

Olufemi Akanni

Director Legal Services

Baltimore City Police Department

242 W. 29th Street

Baltimore, MD 21211